UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WESLEY JONES.

                                      Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC dba EQUIFAX; EXPERIAN INFORMATION SOLUTIONS, INC. dba EXPERIAN; and TRANS UNION (OF DELAWARE), LLC aka TRANS UNION LLC dba TRANSUNION,

                                        Defendants.

CIVIL ACTION NO.: 25 Civ. 1535 (GHW) (SLC)

**OPINION & ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

Plaintiff Wesley Jones ("Mr. Jones"), a federal Cyber Security Engineer with a top-secret security clearance, disputed two tradelines that Defendants, three credit reporting agencies ("CRAs"),[1] reported in his consumer credit reports. (ECF No. 1-1 ¶¶ 3, 28, 264–417 (the "Complaint")). After Defendants failed to correct the tradelines, Mr. Jones filed this action asserting claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") and its New York analog, N.Y. Gen. Bus. L. § 380 et seq. ("NYFCRA"). (Id. ¶¶ 422-76). Mr. Jones now moves to strike portions of Experian's answer, which Experian opposes. (ECF Nos. 7 (the "Answer"); 12–13 (the "Motion"); 18 (the "Opposition"); 19 (the "Reply")). For the reasons set forth below, the Motion is DENIED.

---

[1] Defendants are: Equifax Information Services LLC dba Equifax ("Equifax"); Experian Information Solutions, Inc. dba Experian ("Experian"); and Trans Union (of Delaware), LLC aka Trans Union LLC dba TransUnion ("TransUnion"). (ECF No. 1-1 ¶¶ 34–40, 155–63, 216–24). Mr. Jones has settled his claims against TransUnion and Equifax. (ECF Nos. 15; 16; 21; 22).

1

## II. BACKGROUND

### A. Factual Background

The following factual background is derived from the Complaint and the Answer, the truth of which the Court presumes for purposes of analyzing the Motion. Monterey Bay Mil. Housing, LLC v. Ambac Assur. Corp., No. 19 Civ. 9193 (PGG) (SLC), 2021 WL 4173929, at *6 (S.D.N.Y. Sept. 14, 2021).

#### 1. Mr. Jones

Mr. Jones is a federal civilian cyber security engineer for the Naval Information Warfare Center Atlantic ("NIWCA"), a division of the United States Navy (the "Navy"). (ECF No. 1-1 ¶¶ 3–4; see ¶¶ 6–10, 15–16 (describing role of cyber security engineer); id. ¶¶ 17–22 (describing NIWCA); ¶¶ 23–27 (describing the Navy)). Mr. Jones holds a top-secret clearance with sensitive compartmented information (the "Security Clearance"), which requires him to maintain a clean credit rating and undergo regular background checks. (Id. ¶¶ 28–29). "Unlawful credit file inaccuracies" place his Security Clearance "and consequently his ability to work and ensure cybersecurity for the American people—at [sic] jeopardy." (Id. ¶ 30).

#### 2. Experian[2]

Experian, an Ohio corporation with headquarters in California and operations in New York, is a consumer reporting agency under the FCRA and a consumer credit reporting agency under the NYFCRA. (ECF Nos. 1-1 ¶¶ 155–56, 206–09, 214–15; 7 ¶¶ 155–56, 206–09, 214–15). The Complaint includes dozens of allegations "[u]pon information and belief" regarding, inter

---

[2] Neither Equifax nor TransUnion is a subject of the Motion and each has settled with Mr. Jones (see n.1, supra), so it is unnecessary to summarize the Complaint's more than 150 paragraphs of allegations against them. (ECF No. 1-1 ¶¶ 34–154, 216–54).

alia, Experian's corporate history, operations, data breaches, and New York registration status. (ECF No. 1-1 ¶¶ 164–215).

### 3. Credit Reporting Disputes

When a consumer disputes an entry on a credit report prepared by a CRA, information about the dispute is communicated to "furnishers[,]" i.e., those who transmit information related to debts owed by consumers to CRAs, in an automated credit dispute verification form ("ACDV") "on a web-based platform called e-OSCAR." (ECF No. 1-1 ¶¶ 255–56). See Kinel v. Sherman Acquisition II LP, No. 05 Civ. 3456 (RCC) (THK), 2006 WL 5157678, at *13 (S.D.N.Y. Feb. 28, 2006), adopted by, 2007 WL 2049566 (S.D.N.Y. July 13, 2007) (discussing duties the FCRA imposes on furnishers of information to CRAs). The ACDV reflects identifying information about the consumer and the disputed tradeline on the credit report. (ECF No. 1-1 ¶ 257–61). After reviewing the ACDV, the furnisher returns it to the CRA with a two-digit "response code" that specifies "whether the disputed information is accurate or should be modified or deleted." (Id. ¶ 262).

Mr. Jones disputed two tradelines on his Experian credit report (the "Experian Report"). (ECF No. 1-1 ¶¶ 328–377). First, Mr. Jones disputed the following tradeline as "inaccurate" and/or "incomplete":

> Account Name: MONRO-DC/CBNA
> Account Number: 6035-5113-2057-8125
> 11/2023 30 day late payment

(ECF No. 1-1 ¶ 332 (the "Monro-DC/CBNA Tradeline")). Mr. Jones disputes the Monro-DC/CBNA Tradeline because he "did not pay [this] account 30 days late on 11/2023." (Id. ¶ 333). On February 23, 2024, Mr. Jones emailed Experian a dispute letter setting forth his name, Social

3

Security number, and description of the dispute about the Monro-DC/CBNA Tradeline, and attached copies of his Social Security card and passport. (Id. ¶¶ 328–30 (the "Monro-DC/CNBA Dispute Letter")). Experian received the Monro-DC/CNBA Dispute Letter on March 1, 2024. (Id. ¶¶ 330–31, 335). Experian responded to Mr. Jones "that it verified" the Monro-DC/CNBA Tradeline on Mr. Jones' credit report as "accurate[,]" and so continues to maintain the tradeline on his credit report, but has "failed to reasonably reinvestigate [it], record the current status of such information, and expunge/delete [sic] or modify" it in response to Mr. Jones' request. (Id. ¶¶ 334, 336–337, 342–43, 347–51).

Second, Mr. Jones disputed the following tradeline as "inaccurate" and/or "incomplete":

Account Name: SC Federal Credit Un
Account Number: 0014153121
07/2024 30 day late payment

(ECF No. 1-1 ¶ 356 (the "SC Federal Credit Tradeline", with the Monro-DC/CBNA Tradeline, the "Tradelines")). Mr. Jones disputes the SC Federal Credit Tradeline because he "did not pay [this] account 30 days late on 07/2024." (Id. ¶ 358). On August 9, 2024, Mr. Jones emailed Experian a dispute letter setting forth his name, Social Security number, and description of the dispute about the SC Federal Credit Tradeline, again attaching copies of his Social Security card and passport as well as a snapshot of his payment history for this account. (Id. ¶¶ 352–54 (the "SC Federal Credit Dispute Letter")). Experian received the SC Federal Credit Dispute Letter on August 13, 2024. (Id. ¶¶ 355, 360). Experian responded to Mr. Jones "that it verified" the SC Federal Credit Tradeline as "accurate[,]" and so continues to maintain the tradeline on his Experian Report, but has failed to reasonably investigate, update, or modify it in response to Mr. Jones' request. (Id. ¶¶ 359, 361–62, 367–69, 373–77).

4

As a result of Experian's conduct with respect to the Tradelines, Mr. Jones has suffered damages including out-of-pocket mailing costs, attorneys' fees, court fees, emotional distress, a decreased credit score, credit card application denials, business loan rejections, and the inability to make personal purchases. (Id. ¶¶ 338–41, 363–66).

## B. Procedural Background

On January 20, 2025, Mr. Jones filed in New York State court the Complaint, which contains 478 paragraphs and asserts two claims—one under the NYFCRA (the "NYFCRA Claim") and a second under the FCRA (the "FCRA Claim"). (ECF No. 1-1). Mr. Jones seeks actual and punitive damages and attorneys' fees and costs. (Id. ¶¶ 422–78).

On February 24, 2025, Experian removed the action to this Court, invoking federal subject matter jurisdiction under 28 U.S.C. § 1331 based on Mr. Jones' FCRA Claim. (ECF No. 1 ¶¶ 6, 8). Experian asserted that the Court has supplemental jurisdiction over the NYFCRA Claim, which arises out of the same operative facts as the FCRA Claim. (Id. ¶ 9).

On March 3, 2025, Experian filed the Answer. (ECF No. 7). We read Experian's responses to Mr. Jones' allegations to fall primarily into four categories. First, Experian denied many of Mr. Jones' allegations on the ground that it lacked knowledge or information sufficient to form a belief as to their truth or falsity. (Id. ¶¶ 1, 3–30, 33–118, 120–54, 216–45, 247–54, 264–72, 274, 279–80, 282–83, 285–89, 298–303, 305–306, 308, 313–14, 316–17, 319, 328–32, 334, 336, 342, 352–57, 359, 361, 367–68, 378–83, 385, 387, 389, 402–07, 409, 411, 413, 426–27, 478). Second, to the extent that the Complaint cites or quotes articles, websites, statutes, or other external sources, Experian stated that those sources "speak for themselves" and then otherwise denied the allegations. (Id. ¶¶ 119, 157–205, 246, 255–63, 423–25, 439–41). Third, Experian asserted

5

that many of Mr. Jones' allegations were legal conclusions as to which no response was required, and otherwise denied those allegations. (Id. ¶¶ 273–78, 281, 284, 290–97, 304, 307, 309–12, 315, 318, 320–27, 333, 335, 337–41, 343–51, 358, 360, 362–66, 369–77, 384, 386, 388, 390–401, 408, 410, 412, 414–21, 428–37, 442–76). Fourth, Experian admitted several facts, including that Mr. Jones "is an individual and natural person[,]" and is a "consumer" under the FCRA and NYFCRA, that Experian is an Ohio corporation that also conducts business in New York, is a "consumer reporting agency" under the FCRA, and is a "consumer credit reporting agency" under the NYFCRA. (Id. ¶¶ 2, 31, 32, 155, 156, 206–09, 214–15).

In addition, Experian asserted twelve affirmative defenses: (1) failure to state a claim (the "First Defense"); (2) statute of limitations (the "Second Defense"); (3) truth of Experian's statements about Mr. Jones (the "Third Defense"); (4) failure to mitigate (the "Fourth Defense"); (5) laches (the "Fifth Defense"); (6) contributory negligence by Mr. Jones (the "Sixth Defense"); (7) lack of causation (the "Seventh Defense"); (8) unclean hands (the "Eighth Defense"); (9) arbitrability (the "Ninth Defense"); (10) lack of legal capacity (the "Tenth Defense"); (11) intervening cause (the "Eleventh Defense"); and (12) constitutional bars to claims for punitive damages (the "Twelfth Defense") (together, the "Defenses")). (ECF No. 7 at 87–88). Experian also reserved the right to assert additional defenses warranted by discovery. (Id. at 88).

On March 4, 2025—within a day of Experian filing its Answer—Mr. Jones filed the Motion. (ECF No. 12). On March 18, 2025, Experian filed the Opposition, and a few hours later the same day, Mr. Jones filed the Reply. (ECF Nos. 18; 19).

### III. DISCUSSION

**A. Legal Standard**

   **1. Federal Rule of Civil Procedure 8(b) and (c)**

Federal Rule of Civil Procedure 8(b)(1) requires a party responding to a pleading to "(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(A), (B). In denying an allegation, the responding party "must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). General and specific denials are permitted, as are partial denials, although, as it relates to partial denials, the party "must admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(3), (4). A statement of lack "of knowledge of information sufficient to form a belief about the truth of an allegation" is permitted, and "has the effect of a denial." Fed. R. Civ. P. 8(b)(5). Failure to deny an allegation to which a response is required has the effect of an admission. Fed. R. Civ. P. 8(b)(6). The responding party must also "affirmatively state any avoidance or affirmative defense[.]" Fed. R. Civ. P. 8(c).

   **2. Federal Rule of Civil Procedure 12(f)**

Pursuant to Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are "generally disfavored and will not be granted 'unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.'" Lokai Holdings LLC v. Twin Tiger USA LLC, 306 F. Supp. 3d 629, 645 (S.D.N.Y. 2018) (quoting William Z. Salcer, Panfield, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984), rev'd on other grounds, 478 U.S. 1015 (1986)); see Perry St. Software,

7

Inc. v. Jedi Tech, Inc., No. 20 Civ. 4539 (CM), 2020 WL 6064158, at *8 (S.D.N.Y. Oct. 14, 2020) ("Motions to strike are highly disfavored.").[3] The Second Circuit has cautioned that district courts "should not tamper with the pleadings unless there is a strong reason for so doing." Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976).

Recognizing the "curious evolution" of the standard for a motion to strike an affirmative defense, the Second Circuit clarified the required analysis in GEOMC Co. v. Calmare Therapeutics Inc., 918 F.3d 92, 95 (2d Cir. 2019). Now, the party moving to strike an affirmative defense must satisfy three elements: (i) "there is no question of fact which might allow the defense" to satisfy the plausibility standard applied to pleadings under Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); (ii) "there is no question of law which might allow the defense to succeed;" and (iii) "the plaintiff would be prejudiced by the inclusion of the defense." GEOMC, 918 F.3d at 95–96; see Rich v. Miller, 634 F. Supp. 3d 66, 71–73 (S.D.N.Y. 2022) (summarizing GEOMC's holding).

Concerning the first requirement, "GEOMC Co. makes clear that the plausibility standard for pleadings applies to affirmative defenses, but GEOMC Co. emphasizes that the application of the plausibility standard must be a 'context-specific' one." Rich, 634 F. Supp. 3d at 71 (quoting GEOMC, 918 F.3d at 98). Courts must consider both when the affirmative defense was raised, i.e., whether in "the brief period in which a defendant must file an answer in contrast with the much longer window during which a plaintiff can gather the facts necessary for their complaint[,]" as well as "the nature of the affirmative defense at issue." Id. at 71–72 (citing GEOMC, 918 F.3d at 98). As a result, courts "apply a lower plausibility threshold" to affirmative

---

[3] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

defenses, as to which "the pleader has less time to gather facts and craft a response." Sec. & Exch. Comm'n v. Ripple Labs, Inc., No. 20 Civ. 10832 (AT) (SN), 2022 WL 748150, at *4 (S.D.N.Y. Mar. 11, 2022). Nevertheless, "a party must support affirmative defenses 'with some factual allegations to make them plausible.'" Town & Country Linen Corp. v. Ingenious Designs LLC, No. 18 Civ. 5075 (LJL), 2020 WL 3472597, at *10 (S.D.N.Y. June 25, 2020) (quoting GEOMC, 918 F.3d at 99). Even where an affirmative defense lacks factual allegations, a court may still decline to strike it where "sufficient factual content is pled elsewhere to support the defense." Id. at *12.

As to the second requirement, the Second Circuit explained in GEOMC that "an affirmative defense is improper and should be stricken if it is a legally insufficient basis for precluding a plaintiff from prevailing on its claims." 918 F.3d at 98. A motion to strike, however, "'should not be used as an opportunity for the determination of disputed, substantial questions of law.'" Rich, 634 F. Supp. 3d at 72 (quoting E.E.O.C. v. Kelley Drye & Warren, LLP, No. 10 Civ. 655 (LTS) (MHD), 2011 WL 3163443, at *2 (S.D.N.Y. July 25, 2011)).

Third and finally, prejudice "will normally depend on when the defense is presented." GEOMC, 918 F.3d at 98. The Second Circuit explained that "[a] factually sufficient and legally valid defense should always be allowed if timely filed even if it will prejudice the plaintiff by expanding the scope of the litigation." Id. Conversely, "prejudice may be considered and, in some cases, may be determinative, where a defense is presented beyond the normal time limits of the Rules[.]" Id. at 99.

The party moving to strike bears the burden of establishing each element of the GEOMC test. See Dorce v. City of New York, No. 19 Civ. 2216 (JLR) (SLC), 2022 WL 16639141, at *2 (S.D.N.Y. Oct. 14, 2022). The decision whether to grant a motion to strike an affirmative defense

is "left to the district court's discretion." Equal Emp. Opp. Comm'n v. Bay Ridge Toyota, Inc., 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004).

**B. Application**

In the Motion, Mr. Jones makes four arguments. (ECF No. 13). First, he asserts that Experian's responses to paragraphs 155–215 and 328–77 are deficient such that Experian should be deemed to have admitted those allegations. (Id. at 2–3). Second, Mr. Jones asserts that Experian's statement in its response to paragraph 20 that his claims "are frivolous and an abuse of the legal process" is improper. (Id. at 3). Third, citing legal authorities from outside the Second Circuit, Mr. Jones opposes Experian's reservation of the right to assert additional defenses in the future. (Id. at 3–4). Fourth, Mr. Jones argues that Experian's Defenses are conclusory and should be stricken for failure to allege supporting facts. (Id. at 4–7). None of Mr. Jones' arguments have merit.

**1. Paragraphs 155–215 and 328–77**

Mr. Jones' first criticism is that Experian's responses to paragraphs 155–215 and 328–77 of the Complaint are deficient because they add "extraneous language that misrepresents the actual allegations" and deny "non-existent portions of allegations." (ECF No. 13 at 1–2). For example, in paragraph 158, Mr. Jones alleges: "Upon information and belief, Experian is listed on the London Stock Exchange and is a constituent of the FTSE 100 Index." (ECF No. 1-1 ¶ 158). What bearing that has on Mr. Jones' allegations that Experian failed to correct the Tradelines is unclear. As to paragraphs 328–77, Mr. Jones complains only that Experian "improperly injects argumentation[.]" (ECF No. 13 at 2–3). In support of his criticisms, Mr. Jones cites one non-

existent case,[4] erroneously cites another non-precedential case from outside the Second Circuit,[5] and cites a third that is irrelevant.[6]  (ECF No. 13 at 2–3).

Experian, after some online detective work, points out that paragraph 158, as well as the paragraphs 155–196, quote almost verbatim the text of the Wikipedia page for Experian plc, Experian's parent company.[7]  (ECF No. 18 at 10–11).  After figuring this out, Experian decided to "referenc[e] the quoted Wikipedia page and stat[e] that it speaks for itself and deny[] any allegations to the extent they are inconsistent[.]"  (Id. at 11).  Similarly, Experian deduced that paragraphs 197–215 "recite various items of information from Experian's entity information webpage with New York's Department of State" and therefore "adopted the same approach" of stating that the webpage from which Mr. Jones derived his allegations "speaks for itself," denied them to the extent they were inconsistent with the webpage, and otherwise denied the remaining allegations.  (Id.)  As to paragraphs 328–77, Experian stands on its characterization of

---

[4] Mr. Jones cites "Howard v. United Parcel Serv., Inc., 12-cv-5344 (KPF), at *2 n.1 (S.D.N.Y. Mar. 24, 2015)."  (ECF No. 13 at 1).  This citation is missing a Westlaw or Lexis citation, but we still found it and see that it was amended and superseded a week later, see Howard v. United Parcel Serv. Inc., 101 F. Supp. 3d 343 (S.D.N.Y. 2015), so Mr. Jones' reliance on it was improper.  See United States v. Cohen, 724 F. Supp. 3d 251, 258 (S.D.N.Y. 2024) (noting that sanctions "can be imposed" for "citation to non-existent cases").

[5] Mr. Jones cites "In re Cessna 208 Series Aircraft Prod. Liab. Litig., 546 F. Supp. 2d 1191, 1199 (D. Kan. 2008) (holding that misleading denials that imply additional allegations exist are improper and should be deemed admissions)."  (ECF No. 13 at 2).  The last page of this decision is page 1197, not 1199, and the case contains no discussion of allegedly improper denials of allegations.  This is therefore a second example of Mr. Jones' reliance on a non-existent case.

[6] Mr. Jones cites In re Tampa Chain Co., 35 B.R. 568, 576 n.6 (Bankr. S.D.N.Y. 1983).  (ECF No. 13 at 3).  While this case does exist, there, the bankruptcy petition—not a complaint—alleged that three entities were creditors of the debtor, but the debtor's response only denied that two of the three entities were creditors, so the court deemed the debtor to have "conceded the allegations made with respect to" the third entity.  Id.  In its responses to paragraphs 155–215 and 328–77, Experian has not failed to respond to any of Mr. Jones' allegations, so Tampa Chain is irrelevant.

[7] See https://en.wikipedia.org/wiki/Experian (last visited Mar. 25, 2025).

11

many of these allegations as legal conclusions, which it otherwise denies.  (ECF No. 18 at 13–14; see ECF No. 7 ¶¶ 328–77).

Mr. Jones' criticisms are meritless.  As to paragraphs 155–96 and 197–215, which Mr. Jones clearly lifted from Wikipedia and the New York Department of State webpage, respectively, we note that a plaintiff's complaint about a defendant who responds to an allegation based on an external source by stating that the source speaks for itself "is particularly disfavored by" courts in this District.  Perry, 2020 WL 6064158, at *8.  We share that distaste here, particularly given Mr. Jones' decision to assert these allegations "[u]pon information and belief" and without attribution to the sources from which he derived them.  See McNaughton v. de Blasio, No. 14 Civ. 221 (KPF), 2015 WL 468890, at *14 (S.D.N.Y. Feb. 4, 2015) (noting weakness of allegations made "upon information and belief").

As to paragraphs 328–77, we fail to see what Mr. Jones is complaining about.  In many of these paragraphs, Experian appropriately states that it lacks knowledge sufficient to form a belief as to the allegations' truth or falsity and otherwise denies them.  (ECF No. 7 ¶¶ 328–32, 334, 336, 342, 352–57, 359, 361, 367–68).  There is nothing wrong with that.  See Fed. R. Civ. P. 8(b)(5).  The remainder of the allegations do contain legal conclusions—concerning elements of Mr. Jones' claims such as whether the Tradelines were inaccurate, Experian's knowledge, and proximate causation—so it was quite appropriate for Experian to describe them as legal conclusions and otherwise deny them.  (ECF Nos. 1-1 ¶¶ 333, 335, 337–41, 343–51, 358, 360, 362–66, 368–77; 7 ¶¶ 333, 335, 337–41, 343–51, 358, 360, 362–66, 368–77).  See Poyneer v. N.Y.S United Teachers, No. 22 Civ. 261 (GTS) (ML), 2023 WL 236499, at *1 (N.D.N.Y. Jan. 18, 2023) (denying motion to strike defendants' response that plaintiff's allegations were legal conclusions

because "a defendant's failure to deny conclusions of law does not constitute an admission of those conclusions"); see also Rivera v. Equifax, No. 22 Civ. 972 (MPS), 2022 WL 17370505, at *6 (D. Conn. Oct. 31, 2022) (discussing elements of FCRA claim).

We therefore deny Mr. Jones' request to strike Experian's responses to paragraphs 155–215 and 328–77.

### 2. Paragraph 20

Mr. Jones believes that Experian's response to his allegations in paragraph 20 "improperly characterizes [his] claims rather than providing a direct response." (ECF No. 13 at 3). Paragraph 20 alleges:

> NIWC Atlantic's mission is to "[c]onduct research, development, prototyping, engineering, test and evaluation, installation, and sustainment of integrated information warfare capabilities and services across all warfighting domains with an emphasis on Expeditionary Tactical Capabilities & Enterprise IT and Business Systems in order to drive innovation and warfighter information advantage." [Source: https://www.niwcatlantic.navy.mil/About/]

(ECF No. 1-1 ¶ 20). Mr. Jones claims that Experian responded to paragraph 20 as follows: "Experian denies the allegations and further states that Plaintiff's claims are frivolous and an abuse of the legal process." (ECF No. 13 at 3). Experian pointed out that this quotation is not, in fact, how it responded (ECF No. 18 at 6, 14), but Mr. Jones nevertheless repeats the non-existent quotation in his Reply. (ECF No. 19 at 4). We do not see the word "frivolous" in Experian's response to paragraph 20—or anywhere else in its Answer, for that matter. (ECF No. 7 ¶ 20).

In any event, the allegations in paragraph 20 seem a little far afield from Mr. Jones claims' concerning the Tradelines, so it is not surprising that Experian responded that it is "without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations [in paragraph 20] and, on that basis, denies, generally and specifically, each and every allegation"

13

in this paragraph. (ECF No. 7 ¶ 20). This response, too, is appropriate. Fed. R. Civ. P. 8(b)(5). Mr. Jones seems to be moving to strike a response that does not exist, so on that basis his Motion with respect to Experian's response to paragraph 20 is denied.

### 3. Reservation of right to assert additional defenses

Mr. Jones objects to Experian's reservation of "the right to assert additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case." (ECF Nos. 7 at 88; 13 at 3–4). Experian responds that it is "merely" stating that it "reserves its right to amend its defenses should it learn additional information through discovery." (ECF No. 18 at 14).

Experian has the better of the argument. Experian "need not have explicitly reserved the right to move to amend[,]" so we deny Mr. Jones' request to strike the reservation of the right to add affirmative defenses because Experian is doing is "retain[ing] the right to seek leave of the court to amend [its] answer." Town & Country Linen Corp., 2020 WL 3472597, at *15 (denying motion to strike reservation of right to seek leave to amend based on "later-discovered facts"); accord Wi3, Inc. v. Actiontec Elecs., Inc., 71 F. Supp. 3d 358, 362–63 (W.D.N.Y. 2014). To the extent that Experian seeks to assert an affirmative defense other than those in the Answer, it "will need to move the Court." Town & Country, 2020 WL 3472597, at *15. The deadline for amending pleadings will be set in the case management plan the Court adopts following the initial conference with the parties. Cf. Sacerdote v. N.Y. Univ., 9 F.4th 95, 115 (2d Cir. 2021) (explaining that "[t]he period of liberal amendment [under Rule 15(a)(2)] ends if the district court issues a scheduling order setting a date after which no amendment will be permitted").

### 4. Affirmative Defenses

Experian asserts twelve affirmative defenses and Mr. Jones wants to strike all of them. (ECF Nos. 7 at 87–88; 13 at 4–6; 19 at 2–4).  The first and most fundamental problem with Mr. Jones' request to strike Experian's Defenses is that he is attacking someone else's defenses.  Mr. Jones takes aim at one set of affirmative defenses in his Motion, and yet another in his Reply, but they do not line up with the Defenses Experian has actually asserted:

| **Affirmative Defense** | **Motion (ECF No. 13)** | **Reply (ECF No. 19)** | **Experian's Answer (ECF No. 7)** |
|---|---|---|---|
| First | Failure to state a claim | Failure to state a claim | Failure to state a claim |
| Second | Good faith compliance | Failure to mitigate | Statute of limitations |
| Third | Lack of standing | Unclean hands | Truth |
| Fourth | Preemption | Estoppel | Failure to mitigate |
| Fifth | Failure to mitigate | Laches | Laches |
| Sixth | Unclean hands | Lack of causation | Contributory and/or third party negligence |
| Seventh | Waiver | Good faith compliance | Estoppel |
| Eighth | Consent | Lack of standing | Unclean hands |
| Ninth | Estoppel | Preemption | Arbitrability |
| Tenth | Laches | Waiver | Lack of legal capacity to sue |
| Eleventh | Setoff | Consent | Intervening cause |
| Twelfth | No causation/damages | Setoff | Constitutional bar[8] |

In any event, Mr. Jones has failed to meet his burden of establishing all three elements of the GEOMC standard set forth above.  (See § III.A.2, supra).  Taking them in reverse order, we start with prejudice.  Mr. Jones merely asserts that he "would be prejudiced by having to litigate [Experian's] legally and factually insufficient" Defenses.  (ECF No. 13 at 7).  But he fails to "quantify this burden," Monterey Bay, 2021 WL 4173929, at *6, which is not surprising, given that we are

---

[8] In the Twelfth Defense, Experian asserts that Mr. Jones' "claims for punitive damages violate Experian's rights under the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of any applicable State Constitutions."  (ECF No. 7 at 88).  Neither in the Motion nor in the Reply does Mr. Jones explain why this defense is improper.  (ECF Nos. 13; 19).

15

at the pleading stage of the case, no case management plan is in place, and discovery has not started. Even a "generic speculation about potential additional discovery" would not justify striking any of the Defenses. Id.; see Tardif v. City of New York, 302 F.R.D. 31, 34 (S.D.N.Y. 2014) (denying motion to strike where plaintiff's speculation about additional discovery failed to demonstrate prejudice); Duling v. Gristede's Operating Corp., 265 F.R.D. 91, 100–01 (S.D.N.Y. 2010) (explaining that "need for new discovery is not sufficient to constitute undue prejudice on its own"); see also Rich, 634 F. Supp. 3d at 73 (recommending denial of motion to strike "in light of the early stage of this case and plaintiff's failure to show prejudice from inclusion of the defense").

Turning to the second GEOMC requirement, we cannot say at this juncture that any of the Defenses to which Mr. Jones objects[9] indicate "a legally insufficient basis for precluding [Mr. Jones] from prevailing on [his] claims." GEOMC, 918 F.3d at 98. As to the First Defense, "there is abundant case law holding that a defense of a 'failure to state a claim' should not be the subject of a motion to strike because, like a denial of factual allegations, the defense functions as a general denial of liability." Rich, 634 F. Supp. 3d at 73 (collecting cases); accord Dorce, 2022 WL 16639141, at *3 n.6.

As to the Fourth Defense—failure to mitigate—we note that a "relaxed plausibility standard applies to a failure-to-mitigate defense, since the factual allegations necessary to support such [a] defense[] are likely not readily available to" Experian at this juncture. Tal Dagan

---

[9] As set forth in the chart and footnote 8 above, in the Motion, Mr. Jones does not address Experian's Second, Third, Sixth, Ninth, Tenth, and Twelfth Defenses, so neither do we.

MD PC v. Resolutions Billing & Consulting, Inc., No. 24 Civ. 632 (RA), 2024 WL 5089276, at *5 (S.D.N.Y. Dec. 12, 2024).

As to the Fifth Defense—laches—the facts concerning the timing of Mr. Jones filing this action are uniquely in his possession so we cannot now say that, as a matter of law, Experian cannot avail itself of this defense, which requires Experian to prove that it has "been prejudiced by the plaintiff's unreasonable delay in bringing the action." Zuckerman v. Metro. Museum of Art, 928 F.3d 186, 193 (2d Cir. 2019).

As to the Seventh and Eighth Defenses—estoppel and unclean hands—these too are defenses that turn on Mr. Jones' conduct, so we cannot say that factual support is "readily available" before discovery has even started. GEOMC, 918 F.3d at 98; see Kelly v. 21 Grp. Inc., No. 22 Civ. 226 (MKB), 2023 WL 5831131, at *8 (E.D.N.Y. Sept. 8, 2023) (denying motion to strike, inter alia, unclean hands defense because "[a]t this early stage of the proceeding, it would be premature to" determine that "there are no facts" to support it); Monterey Bay, 2021 WL 4173929, at *6 (denying motion to strike unclean hands defense where it did not "appear[] to a certainty" that plaintiffs would defeat it under "any state of facts which could be proved") (cleaned up).

As to the Eleventh Defense—lack of causation—the GEOMC test is arguably inapplicable "because the defense essentially amounts to a denial of the factual allegations supporting" Mr. Jones' claims, rather than an affirmative defense. Rich, 634 F. Supp. 3d at 72. There is no "reason to call upon the resources of the court to strike defenses that essentially amount to denials of the facts pled." Id.

17

Finally, as to the first <u>GEOMC</u> factor, while we recognize that "the plausibility standard for pleadings applies" to the Defenses, we "apply a lower plausibility threshold" to them, given that Experian "has [had] less time to gather facts and craft a response." <u>Dorce</u>, 2022 WL 16639141, at *3. While we can imagine that even at this early stage, Experian might have some additional facts in its possession that it could have included in support of the Defenses, taking a "context-specific" approach to the current pleadings, we cannot say that any of the Defenses that Mr. Jones contests fail to meet that lower plausibility threshold. <u>GEOMC</u>, 918 F.3d at 98.

Accordingly, Mr. Jones' request to strike the Experian's Affirmative Defenses is DENIED.

\* \* \*

As noted above, there are several curiosities about Mr. Jones' Motion, including that Mr. Jones filed it within a day of Experian's Answer, that he filed the Reply the same day as Experian's Opposition, its citation to non-existent cases, and the discrepancies between Mr. Jones' arguments and Experian's actual responses in the Answer. While Experian has not moved for sanctions against Mr. Jones, we note that Federal Rule of Civil Procedure 11(b)(2), 28 U.S.C. § 1927, and the Court's inherent power provide authority to impose sanctions for materially false or misleading statements in court documents. <u>See</u> <u>generally</u> <u>Cohen</u>, 724 F. Supp. 3d at 257–58. The record on the Motion does not contain "clear and convincing evidence" that Mr. Jones and his counsel "knowingly submitted a material[ ] false or misleading pleading" with the requisite bad faith. <u>Usherson v. Bandshell Artist Mgmt.</u>, No. 19 Civ. 6368 (JMF), 2020 WL 3483661, at *9 (S.D.N.Y. June 26, 2020). The errors in the Motion and the Reply, even if arising from mere haste and sloppiness, however, have certainly multiplied the effort required of Experian to respond to and the Court to analyze Mr. Jones' Motion, which he should have known had very little chance

of success.  See Raymond Weil, S.A. v. Theron, 585 F. Supp. 2d 473, 489 (S.D.N.Y. 2008) ("There is nothing dumber than a motion to strike boilerplate affirmative defenses; it wastes the client's money and the court's time.").  Mr. Jones' counsel should thus consider themselves reminded of their obligations under Federal Rule of Civil Procedure 11(b) and warned that the Court will not countenance in the future any motions or other tactics that contravene the need "to secure the just, speedy, and inexpensive determination" of this action.  Fed. R. Civ. P. 1.

### IV. CONCLUSION

For the reasons set forth above, Mr. Jones' Motion to Strike is DENIED.  By separate order, the Court has scheduled an initial case management conference, the deadlines for which Mr. Jones and Experian must comply.  (ECF No. 20).

The Clerk of the Court is respectfully directed to close ECF No. 12.

Dated:     New York, New York
           March 26, 2025

SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge