# BRIAN PONDER LLP
# TRIAL LAWYERS

745 Fifth Avenue
Suite 500
New York, NY 10151

Tel 646.450.9461

March 26, 2025

Hon. Sarah L. Cave, U.S.M.J.
United States District Court for the Southern District of New York
500 Pearl Street, Room 1670
New York, NY 10007
*VIA CM/ECF*

**Re:**   *Wesley Jones v. Equifax Information Services, et al.*; No. 1:25-cv-01535-GHW-SLC

Dear Judge Cave:

Plaintiff Wesley Jones respectfully submits this letter in response to the Court's March 26, 2025, Opinion & Order (ECF No. 24), particularly footnote 4 and the Court's concluding remarks on pages 18–19, which raised concerns about the citation of case law and the nature of Plaintiff's motion to strike Defendant Experian's answer and affirmative defenses.

First and foremost, Plaintiff's counsel acknowledges and regrets the citation errors identified by the Court. The citation to *Howard v. United Parcel Serv., Inc.* was not updated to reflect the superseding decision, and the reference to *In re Cessna* was inadvertently included without proper verification. These oversights, though unintentional, fall short of counsel's duty under Rule 11(b)(2) of the Federal Rules of Civil Procedure to present only accurate and supportable legal authorities. Counsel takes full responsibility and will ensure that all future filings are properly vetted and accurately cited.

Additionally, Plaintiff wishes to clarify the purpose of the motion. It was not filed to harass or burden the defense, but rather to streamline the litigation by seeking early resolution of what Plaintiff believed to be legally or procedurally deficient portions of the answer. The intent was to narrow the issues that must be addressed in discovery or litigated at later stages, and in doing so, to further the objectives of Rule 1 of the Federal Rules of Civil Procedure—"to secure the just, speedy, and inexpensive determination of [this] action[.]"

Plaintiff's counsel takes seriously the Court's reminder regarding the limited and disfavored role of Rule 12(f) motions in this District and within the Second Circuit. Going forward, Plaintiff will not submit any motion to strike without (i) a clear showing of material prejudice, (ii) a demonstration that the challenged matter is legally insufficient, immaterial, or otherwise improper under the *GEOMC* standard, and (iii) due regard for the Court's discretion and the need to conserve judicial and party resources.

Counsel further acknowledges the Court's guidance that affirmative defenses—even if sparse—are not to be struck in the absence of prejudice or legal infirmity. Plaintiff will defer any future challenges to pleadings unless clearly warranted by binding precedent and supported by the facts developed through discovery. To the extent the Court adopts a Rule 16 scheduling order, Plaintiff will honor any deadlines and procedural requirements regarding the amendment or challenge of pleadings.

Thank you for the opportunity to address the Court's concerns directly. Plaintiff and counsel remain committed to litigating this matter professionally, diligently, and consistent with all obligations under the Federal Rules of Civil Procedure and this Court's expectations.

Respectfully submitted,

s/ Brian L. Ponder

**Brian L. Ponder, Esq.**
*Attorney for Plaintiff Wesley Jones*

cc:    All Parties of Record via CM/ECF